**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DERICK DEVON HAYNES
REG. NO. 31338-177**                                                                    **PETITIONER**

**V.**                                                         **CIVIL ACTION NO. 3:18cv67-DPJ-FKB**

**WARDEN C. NASH**                                                              **RESPONDENT**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Before the Court is the petition for writ of habeas corpus pursuant to Title 28 U.S.C. §
2241 filed by Petitioner Derick Devon Haynes.[1]    When Haynes filed this petition, he was a
federal prisoner incarcerated at FCC-Yazoo City and was serving a 292-month sentence as a
"career offender" after pleading guilty to possession of five or more grams of cocaine base, with
intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime.   *See*
U.S.S.G. § 4B1.1; 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(b); 18 U.S.C. § 924(c); *United States v.
Haynes*, No. 3:03-cr-372 (N.D. Tex. Feb. 9, 2005)(ECF No. 45).

Taking judicial notice of the Bureau of Prisons website,[2]  which reflects that Haynes was
released on February 3, 2020, and noting that he has not provided this Court with a current
address, the undersigned recommends that Haynes's § 2241 petition, which challenged sentence
enhancements, be dismissed for lack of a case or controversy.[3]   *See, e.g.*, Fed. R. Evid. 201

---

[1]Section 2241(a) provides in pertinent part that "[w]rits of habeas corpus may be granted
by the Supreme Court, any justice thereof, the district courts and any circuit judge within their
respective jurisdictions." Section 2241(c)(3) states that a writ of habeas corpus may extend to a
prisoner "in custody in violation of the Constitution or laws or treaties of the United States."

[2]*See* https://www.bop.gov/inmateloc/.

[3]Inasmuch as Haynes has not maintained a current address with the Court, it would be a
futile gesture to provide him an opportunity to advise the Court as to the existence of any

(stating that a judicially noticed fact must be one not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Denius v. Dunlap,* 330 F.3d 919, 927 (7th Cir. 2003) (permitting judicial notice of government records readily available in the public domain, such as the internet, because the fact of record keeping is not subject to reasonable dispute and the accuracy could not reasonably be questioned.)

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."   *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990).   The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy.   *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78).   Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).   A case becomes moot "when the issues presented are no longer alive or the parties lack a legally cognizable interest in the outcome." *Valentine v. Pearson*, No. 5:10cv160, 2011 WL 268716, at *2 (S.D. Miss. May 11, 2011) (quoting *United States v. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396-397 (1980)).

Under the *Spencer* case, a petitioner does present an Article III controversy when he demonstrates "some concrete and continuing injury other than the now-ended incarceration" — a "'collateral consequence' of the conviction. . . ." *Spencer*, 523 U.S. at 7.   For the courts to exercise jurisdiction over a petitioner no longer in custody, that petitioner must demonstrate both

---

collateral consequences.   However, he could still show such consequences by timely objection.

that he was in custody when he filed the petition, and that his subsequent release has not

rendered the petition moot.   *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

In this case, Haynes was released from prison nearly one year ago.   He has not contacted

the Court after his release or provided the Court with a free world address, so the Court is unable

to contact him or to order him to show why his petition should not be dismissed as moot.   He

has not demonstrated to the Court that he has a continuing injury after his release, and he may

have lost interest in pursuing his claims due to the mootness of those claims.

Finally, because Haynes has not submitted a current address to the Clerk, his petition is

also subject to dismissal without prejudice for want of prosecution and failure to comply with the

local rules of this Court.   *See* L.U.Civ.R. 11(a)("Every . . . litigant proceeding without legal

counsel has a continuing obligation to notify the clerk of court of address changes.");

*McCullough v. Lynaugh*, 824 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, pursuant to Rule

41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss

an action for failure to prosecute or for failure to comply with a court order) (citing *Link v.*

*Wabash R.R. Co.*, 70 U.S. 626, 630-31 (1962)).   Whether or not a plaintiff is *pro se*, or

incarcerated, he still has an obligation to inform the Court of any address changes.   *See Wade v.*

*Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on

appeal from district court's denial of a motion for reconsideration of dismissal for failure to

prosecute; even incarcerated litigants must inform the court of address changes).

In light of the mootness of Haynes's claims, as well as his failure to maintain a current

address with the Clerk of the Court, the undersigned recommends that his Petition be dismissed

without prejudice.   Alternatively, if Haynes files a timely objection to this Report and

3

Recommendation, providing a current address and showing why his claims are not moot, he should be allowed to proceed on the merits of his claims.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.    28 U.S.C. § 636; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 25th day of January, 2021.


                                    /s/ F. Keith Ball
                          UNITED STATES MAGISTRATE JUDGE

4